IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHARKNINJA OPERATING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1935 (CFC) |
| | ) | |
| IROBOT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**SHARKNINJA'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO ENJOIN IROBOT
<u>FROM MAINTAINING DUPLICATIVE LITIGATION</u>**

OF COUNSEL:

Doris Johnson Hines
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
(202) 408-4000

Erika Harmon Arner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190
(571) 203-2700

October 18, 2019

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Plaintiff
SharkNinja Operating LLC*

## TABLE OF CONTENTS

Page

I.      INTRODUCTION AND SUMMARY OF ARGUMENT.............................1

II.     NATURE AND STAGE OF THE PROCEEDINGS......................................3

III.    STATEMENT OF FACTS ..........................................................................4

IV.     ARGUMENT.............................................................................................7

        A.      This Court Should Enjoin iRobot From Prosecuting The
                Massachusetts Action.........................................................................7

        B.      iRobot's Arguments For Hearing The Dispute In Massachusetts
                Fail.....................................................................................................9

                1.      SharkNinja's Lawsuit Is Not An "Anticipatory Lawsuit"........10

                2.      Delaware Is The Appropriate Forum for This Suit..................13

V.      CONCLUSION.........................................................................................16

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*ADE Corp. v. KLA-Tencor Corp.*,
  138 F. Supp. 2d 565 (D. Del. 2001)....................................................15

*Cornerstone Therapeutics Inc. v. Exela Pharma Sciences, LLC*,
  2014 WL 12597625 (D. Del. June 16, 2014) ......................................15

*Cosden Oil & Chemical Co. v. Foster Grant Co., Inc.*,
  432 F. Supp. 956 (D. Del. 1977)...........................................................8

*Crosley Corp. v. Hazeltine Corp.*,
  122 F.2d 925 (3rd Cir. 1941) ................................................................8

*Electronics for Imaging, Inc. v. Coyle*,
  394 F.3d 1341 (Fed. Cir. 2005) ..........................................................11

*Genentech, Inc. v. Eli Lilly and Co.*,
  998 F.2d 931 (Fed. Cir. 1993), *rev'd on other grounds*, *Wilton v.
  Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214
  (1995) ................................................................................................7, 8

*Intellectual Ventures I LLC v. Altera Corp.*,
  842 F. Supp. 2d 744 (D. Del. 2012).............................................14, 15

*iRobot Corporation v. SharkNinja Operating LLC et al.*,
  C.A. No. 1:19-cv-12125-ADB.............................................................1

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3rd Cir. 1995) ................................................................13

*Lab. Corp. of Am. Holdings v. Chiron Corp.*,
  384 F.3d 1326 (Fed. Cir. 2004) ..........................................................14

*Mallinckrodt, Inc. v. E-Z-Em Inc.*,
  670 F. Supp.2 d 349, 357 (D. Del. 2009) ...........................................14

*Mitek Sys., Inc. v. United Servs. Auto. Assoc.*,
  2012 WL 3777423 (D. Del. Aug. 30, 2012).......................................10

*Nexans Inc. v. Belden Inc.*,
   966 F. Supp. 2d 396 (D. Del. 2013)............................................................7, 8, 12

*Trustco Bank v. Automated Transactions LLC*,
   933 F. Supp. 2d 668 (D. Del. Mar. 27, 2013)....................................................12

*TSMC Technology, Inc. v. Zond, LLC*,
   2014 WL 7251188 (D. Del. Dec. 19, 2014) ...............................................*passim*

*TSMC Technology, Inc. v. Zond, LLC*,
   2015 WL 328334 (D. Del. Jan. 26, 2015) ..........................................................11

*Woodbolt Distribution, LLC v. Natural Alternatives Int's, Inc.*,
   2013 WL 247041 (D. Del. Jan. 23, 2013) .....................................................10,11

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff SharkNinja Operating LLC ("SharkNinja") moves to enjoin Defendant iRobot Corporation ("iRobot") from maintaining a second-filed, duplicative action that it filed in Massachusetts four days after SharkNinja filed this case. That case is captioned *iRobot Corporation v. SharkNinja Operating LLC et al.*, C.A. No. 1:19-cv-12125-ADB, D. Mass ("Massachusetts Action").

This case presents a routine application of the first-to-file rule. There is no dispute that SharkNinja filed its case first. There is also no question that iRobot's responsive second-filed case is entirely duplicative of issues already presented in this case; each of the six patents asserted by iRobot in that case were already at issue in this action. And there are no extenuating circumstances that justify departure from the clear and accepted practice in this Court and the Federal Circuit of deferring to the first-filed case. Allowing iRobot to pursue its Massachusetts Action in parallel with this case would be duplicative and wasteful of parties' and judicial resources, and would raise the distinct possibility of inconsistent judgments. Thus, under the well-established first-to-file doctrine, this Court should enjoin iRobot from prosecuting the Massachusetts Action, including its pending preliminary injunction motion. iRobot's allegations and its preliminary injunction motion should instead proceed in this first-filed case.

Neither of the countervailing considerations to the first-to-file rule are applicable here. First, this lawsuit cannot be considered an "anticipatory" lawsuit under law from this District. Nothing in iRobot's letter asserting infringement stated that iRobot would file a lawsuit. Blumenfeld Decl. Ex. 1 (iRobot Oct. 7 Letter). Nor did SharkNinja rush to the courthouse during settlement discussions to engage in forum shopping; no such settlement discussions have occurred or were invited. Even if this suit were anticipatory—which it was not—that alone would not be a sufficient basis to deviate from the first-filed rule absent further bad faith conduct.

Second, Delaware is the appropriate forum to evaluate this suit. Courts typically defer to the plaintiff's choice of forum, particularly where the plaintiff sues the defendant in its place of incorporation. Both SharkNinja and iRobot opted to organize under Delaware law, presumably to take advantage of the well-developed corporate laws in Delaware. It is entirely appropriate that this court resolve the patent dispute that has now arisen between these two Delaware companies. Moreover, the parties are billion dollar companies with nationwide sales; there is nothing unfair or inconvenient about litigating this case in Delaware, which is one of the most experienced courts in the country in dealing with patent disputes. This suit also raises five additional patents that are not at issue in the Massachusetts Action. Although this case will address all of the patents in the

Massachusetts Action, the opposite is not true since the Massachusetts Action involves only a subset of the issues raised here.

Because SharkNinja filed a declaratory judgment action in an appropriate forum, and iRobot filed second, and there are no countervailing considerations, this Court should apply the first-to-file rule and enjoin iRobot from prosecuting its second-filed Massachusetts Action.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

This case concerns the launch of SharkNinja's newest robot vacuum cleaner product—the Shark IQ Robot—and whether that product infringes various iRobot patents. SharkNinja is a limited liability company organized and existing under the laws of Delaware that operates in the consumer floor care industry. *See* D.I. 1 (Compl.) at ¶ 2. iRobot is a corporation organized and existing under the laws of the state of Delaware. *Id.* ¶ 3. Both have principal places of business in Massachusetts. *Id.* ¶¶ 2–3.

SharkNinja received a letter from iRobot on October 7, 2019 alleging infringement of eleven iRobot patents and demanding that SharkNinja immediately cease selling the accused product. Ex. 1 (iRobot Oct. 7 Letter). In response to that allegation and demand, SharkNinja filed this action for declaratory judgment against iRobot on October 11, 2019. *See* D.I. 1 (Compl.) at ¶ 1. SharkNinja's

complaint sought a declaration that SharkNinja has not infringed any of the eleven identified iRobot patents.  *Id.*

On the same day that it filed this complaint, SharkNinja wrote to iRobot, advising that the suit had been filed and attaching a courtesy copy.  *See* Ex. 2 (SharkNinja Oct. 11 Letter).  Four days later, iRobot filed a complaint against SharkNinja in the United States District Court for the District of Massachusetts alleging infringement of six of the eleven patents already at issue in this action.  *See* Ex. 3 (Mass. Compl.).  On the same day, iRobot also moved for a preliminary injunction on three of those six patents.  *See* Massachusetts Action at D.I. 2.

The scope of the Massachusetts action is a complete subset of the scope of this action.  The accused product is the same (the SharkNinja IQ Robot vacuum cleaner) and each of the six patents asserted in the Massachusetts Action is also at issue in this action.  iRobot has not sued SharkNinja on any patents not already raised in this action.

In view of the completely duplicative nature of the second-filed suit, SharkNinja thus moves this Court to enjoin iRobot from proceeding with its second-filed Massachusetts action.

## III.    STATEMENT OF FACTS

SharkNinja is an innovation leader in the consumer floor care industry.  It manufactures and sells a variety of home and kitchen electrical appliances and

serves customers worldwide. *See* D.I. 1 (Compl.) ¶ 8. SharkNinja introduced its first robot vacuum cleaner in the Fall of 2017, to positive industry feedback. In September 2019, SharkNinja announced the release of its breakthrough Shark IQ Robot vacuum cleaner, which comes in two basic versions, both with and without a Self-Empty Base. *Id.* ¶ 10. This product offers smart robotic vacuum cleaner features at affordable prices. *Id.* Rather than bounce across a home, the Shark IQ Robot uses home mapping and intelligent navigation technology to deliver row-by-row, room-by-room cleaning throughout a home. The Shark IQ Robot is the accused product at the center of this dispute, in both this case and the Massachusetts Action. The Shark IQ robot was developed after years of research and development work by employees at SharkNinja.

On October 7, 2019, SharkNinja received a letter from iRobot asserting that SharkNinja's Shark IQ Robot product violates iRobot's patent rights for eleven patents: U.S. Patent Nos. 8,418,303 ("'303 Patent"); 9,492,048 ("'048 Patent"); 9,921,586 ("'586 Patent"); 8,950,038 ("'038 Patent"); 9,529,363 ("'363 Patent"); 9,924,846 ("'846 Patent"); 9,104,204 ("'204 Patent"); 9,550,294 ("'294 Patent"); 10,045,676 ("'676 Patent"); 9,223,749 ("'749 Patent"); and 9,622,635 ("'635 Patent"). Ex. 1 (iRobot Oct. 7 Letter). iRobot demanded that SharkNinja immediately "cease further manufacture, importation, offers for sales, and sales of the Shark IQ Robot" and stated that it "reserve[ed] all of its rights in this regard,

5

including to seek immediate judicial relief" if SharkNinja did not stop the sale of its Shark IQ Robot.  *Id.*   iRobot did not state that it would sue, nor did it provide a draft of a complaint.  *Id.*  The letter also did not invite settlement discussions.  *Id.*

On October 11, 2019, SharkNinja filed this lawsuit seeking a declaratory judgment that SharkNinja has not infringed any of the eleven patents iRobot raised. At the same time, SharkNinja also sent a letter to iRobot that (1) disputed iRobot's "meritless" allegations and (2) notified iRobot that SharkNinja had filed this action for declaratory judgment because SharkNinja will not permit those allegations "to cast a cloud over [its] products or [its] company."  Ex. 2 (SharkNinja Oct. 11 Letter).  SharkNinja also invited iRobot to resolve the disagreement "without litigation" and made clear that SharkNinja would be open to meet concerning the issues raised in this declaratory judgment action.  Ex. 2 (SharkNinja Oct. 11 Letter).

iRobot did not respond to SharkNinja's invitation for a meeting.  Instead, on October 15, 2019, iRobot filed its own second lawsuit in the District of Massachusetts alleging infringement of six of the eleven patents already raised in this declaratory judgment action (the '048, '586, '294, '303, '038, and '676 patents).  *See* Ex. 3 (Mass. Compl.).  On the same day, iRobot also brought a motion for a preliminary injunction on three of those patents (the '048, '586 and

'294 patents) seeking to stop the sale of the Shark IQ Robot product.  *See* Massachusetts Action at D.I. 2.

On the day it brought the Massachusetts Action, iRobot wrote to SharkNinja arguing that, despite being the second-filed case, the lawsuit should proceed in Massachusetts and SharkNinja should agree to transfer this action to Massachusetts.  Ex. 4 (iRobot Oct. 15 Letter).  iRobot argued that this first-filed suit was "anticipatory" and that Massachusetts is the more appropriate forum for this suit to be heard.  *Id.*  As shown below, these arguments are without merit.

## IV.  ARGUMENT

### A.  This Court Should Enjoin iRobot From Prosecuting The Massachusetts Action

There is no basis for the continuation of iRobot's second-filed lawsuit in the District of Massachusetts.  Doing so would waste judicial and party resources and raise the distinct possibility of inconsistent judgments.

It is exactly those considerations that form the basis of the "first-to-file" rule, which is applied by the Federal Circuit and this Court in situations like this one where the same patents are "named in the declaratory judgment" action.  *Nexans Inc. v. Belden Inc.*, 966 F. Supp. 2d 396, 403 (D. Del. 2013) (granting motion to enjoin).  Indeed, the "Federal Circuit prefers to apply in patent cases [this] general rule whereby the forum of the first-filed case is favored," unless other considerations dictate otherwise.  *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d

931, 937 (Fed. Cir. 1993), *rev'd on other grounds*, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). The rule states that a "later-filed action involving the same controversy should be dismissed, transferred, or otherwise enjoined in favor of the first-filed action." *TSMC Technology, Inc. v. Zond, LLC*, 2014 WL 7251188, at *4 (D. Del. Dec. 19, 2014) (granting motion to enjoin second-filed suit.) And where a "declaratory action can resolve the various legal relations in dispute . . . a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action." *Genentech*, 998 F.2d at 938.

The first-to-file rule requires that iRobot's prosecution of the Massachusetts Action, including its pending preliminary injunction motion, be enjoined. *See Cosden Oil & Chemical Co. v. Foster Grant Co., Inc.*, 432 F. Supp. 956, 960 (D. Del. 1977) (enjoining prosecution of second-filed Texas suit under the first-filed doctrine); *see also Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925 (3rd Cir. 1941) (granting motion to enjoin party from proceeding with second-filed infringement suits); *TMSC Technology*, 2014 WL 7251188, at *22 (granting motion to enjoin prosecution of second-filed infringement suit in Massachusetts after declaratory judgment action in Delaware); *Nexans*, 966 F. Supp. 2d at 406 (granting motion to enjoin prosecution of second-filed infringement suit after declaratory judgment action in Delaware);

SharkNinja brought this declaratory judgment for non-infringement four days before iRobot brought the Massachusetts Action.  *See* D.I. 1 (Compl.).  The Massachusetts Action asserts patents that have already been included in SharkNinja's first-filed declaratory judgment suit in this Court.  The parties and the products at issue are the same in both suits.  This case seeks a declaratory judgment that the Shark IQ Robot does not infringe eleven iRobot patents.  D.I. 1 (Compl.) ¶¶ 13–68.  On the other hand, the Massachusetts Action involves allegations that the Shark IQ Robot products infringe only six of those eleven iRobot patents.  *See* Ex. 3 (Mass. Compl.) ¶ 1.  Although this case will address all of the patents in the Massachusetts Action and more, the opposite is not true—the Massachusetts action covers only a subset of issues already in dispute in this first-filed lawsuit.  Accordingly, iRobot's later-filed Massachusetts Action should be enjoined by this Court.

## B.    iRobot's Arguments For Hearing The Dispute In Massachusetts Fail

Despite the well-established first-to-file rule, iRobot, in its October 15, 2019 letter, argues that the parties' dispute should be heard in Massachusetts because (1) SharkNinja's lawsuit in this Court is an "anticipatory" suit, and (2) Massachusetts is the "more efficient and convenient forum" for the parties.  Ex. 4 (iRobot Oct. 15 Letter) at 2.  Both arguments fail.

### 1.      SharkNinja's Lawsuit Is Not An "Anticipatory Lawsuit"

One countervailing consideration to the first-to-file rule is whether a lawsuit is an "anticipatory" suit. *TMSC Technology*, 2014 WL 7251188, at *8. A suit is anticipatory "for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." *Mitek Sys., Inc. v. United Servs. Auto. Assoc.*, 2012 WL 3777423, at *3 (D. Del. Aug. 30, 2012) (transferring case to first-filed district). Accusations "are not the same as actual threats of litigation." *Id.*

This exception to the first-filed rule is inapplicable here. In *Woodbolt Distribution, LLC v. Natural Alternatives Int's, Inc.*, 2013 WL 247041, at *4 (D. Del. Jan. 23, 2013), a case iRobot cites in its letter, the patent holder unequivocally stated that it would file a lawsuit on a *specific date*. The patent holder even attached a copy of the Complaint in its cease-and-desist letter. *Id.* at *4. That court held that those actions amounted to an imminent threat of litigation.

Here, nothing in iRobot's October 7, 2019 letter suggested an "imminent" lawsuit. iRobot stated only that it "reserves all of its rights . . . including to seek immediate judicial relief." Ex. 1 (iRobot Oct. 7 Letter). A broad reservation of all of its rights is not the type of "specific, concrete" indication that a lawsuit was imminent. *See Mitek Sys.*, 2012 WL 3777423, at *3 ("pre-lawsuit communications . . . accusing USAA of infringement, simply did not rise to the level of specific,

concrete indications of an imminent suit."); *see also TSMC Technology*, 2014 WL 7251188, at \*9.    iRobot also demanded that SharkNinja provide written confirmation by no later than October 14 that it would discontinue manufacturing and selling the Shark IQ Robot.  *See* Ex. 1 (iRobot Oct. 7 Letter).  This was merely a demand to stop selling, nothing more, and does not rise to the level of an imminent suit.  This action is therefore not "anticipatory" within the meaning of this exception.

Even if this lawsuit were "anticipatory" within the meaning of this exception—which it is not—that alone would still not be enough to deviate from the first-to-file rule.  In *TSMC Technology*, Magistrate Judge Burke, in line with Federal Circuit precedent, stated that "the fact that a suit is anticipatory, in and of itself, is not a sufficient basis to deviate from the first-filed rule."  *TSMC Technology*, 2014 WL 7251188, at \*8; *see also Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1348 (Fed. Cir. 2005) ("Our precedent . . . favors the first-to-file rule in the absence of circumstances making it 'unjust or inefficient' to permit a first-filed action to proceed to judgment").  Chief Judge Stark adopted Judge Burke's report and granted the motion to enjoin.  *See TSMC Technology, Inc. v. Zond, LLC*, 2015 WL 328334, at \*1 (D. Del. Jan. 26, 2015).  The Court in *TSMC* distinguished *Woodbolt* as a case where Woodbolt "during the run up to its anticipatory filing, acted in a manner that could be characterized as affirmatively

11

misleading." *Id.* at *9.  There, the parties were in the midst of negotiations and Woodbolt took steps to "lull" the opposition into standing down so that it could file suit first.  *Id.*  The *TSMC* Court denied a motion to transfer to the District of Massachusetts and instead granted a motion to enjoin prosecution of the second-filed Massachusetts action.  *Id.*

Here, SharkNinja has taken no action that amounts to bad faith conduct.  It received iRobot's letter alleging that its Shark IQ product infringes iRobot's patents, and promptly filed a declaratory judgment action in this court, because SharkNinja "take[s] allegations of patent infringement very seriously" and "will not permit meritless allegations . . . to cast a cloud over [its] products or [its] company."  Ex. 2 (SharkNinja Oct. 11 Letter).  SharkNinja "simply did what the Declaratory Judgment Act gives [it] a right to do—[it] filed suit in [its] preferred forum." *TSMC Technology*, 2014 WL 7251188, at *9.  Thus, there is no "red flag" that "suggest[s] that the first-filed suit is deserving of less respect that it otherwise might receive." *Id.*

Other decisions from this District have also held that the anticipatory nature of an action, by itself, is not enough to avoid the first-to-file rule.  *See Trustco Bank v. Automated Transactions LLC*, 933 F. Supp. 2d 668, 672 (D. Del. Mar. 27, 2013) ("The fact that Trustco knew of ATL's intention to sue is inapposite, as this knowledge without more does not evidence bad faith."); *see also Nexans Inc.*, 966

F. Supp. 2d at 404 (disagreeing that the filing of first suit was done in "bad faith"). There is no evidence of any bad faith on behalf of SharkNinja in filing this suit. Permitting iRobot to maintain its second-filed suit would effectively eviscerate the first-to-file rule, as any patent holder could similarly allege patent infringement and simply wait for an alleged infringer to file suit, only to preempt that suit with a lawsuit of its own. This Court should not permit such gamesmanship, and instead should apply the first-to-file rule to enjoin iRobot from prosecuting the Massachusetts Action.

### 2.    *Delaware Is The Appropriate Forum for This Suit*

Aside from its "anticipatory" lawsuit argument, iRobot also contends that Massachusetts is the most appropriate forum because it is (1) the principal place of business of the parties, and (2) evidence and witnesses are located in Massachusetts. *See* Ex. 4 (iRobot Oct. 15 Letter) at 2. Neither of these arguments is enough to disturb the application of the first-to-file rule.

Although courts have the authority to transfer first-filed cases, they "normally defer to a plaintiff's choice of forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3rd Cir. 1995). In order to disturb that choice, iRobot has the "heavy" burden of establishing that the balancing of interests weighs in favor of the transfer. *TMSC Technology*, 2014 WL 7251188, at *6. Where the reasons for

choosing the forum are "rational and legitimate," they will weigh against transfer. *Id.* Here, SharkNinja's choice of forum was wholly appropriate.

Even though there is no dispute that Massachusetts is the principal place of business of both parties, both parties also chose to organize in Delaware. In doing so, they knew that they could be sued in Delaware. This Court has repeatedly held that "it is rational and legitimate for a plaintiff to choose to sue a defendant in that defendant's state of incorporation." *TSMC Technology*, 2014 WL 7251188, at *15. That choice "is entitled to paramount consideration" where a plaintiff organized in Delaware sues a defendant where it is incorporated; *i.e.,* on its "home turf." *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 754 (D. Del. 2012) (denying motion to transfer). "[W]hen a corporation chooses to incorporate in Delaware and accept the benefits of incorporating in Delaware, it cannot complain once another corporation brings suit against it in Delaware." *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp.2 d 349, 357 (D. Del. 2009) (denying motion to transfer). Indeed, the Federal Circuit has affirmed a District of Delaware decision enjoining prosecution of a second-filed case in California, noting that "the parties are Delaware corporations; the parties conduct business on a national basis, including in Delaware." *Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1333 (Fed. Cir. 2004).

14

The same is true here. SharkNinja and iRobot are both multi-national companies that sell products globally, including in Delaware. It has been reported that iRobot has annual revenues of more than a billion dollars. iRobot is not a small, regional company being dragged into a distant forum where it is unable to proceed, or defend itself. Having chosen to incorporate here, and do business here, it can hardly complain about having been sued here. And though iRobot might have a preference for Massachusetts, that "is not given the same weight as Plaintiff's preference." *Intellectual Ventures I*, 842 F. Supp. 2d at 755; *see also ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001) ("absent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient.").

Also germane to this motion is that Delaware is well-known as being one of the most experienced courts in the country with respect to patent disputes. As this court noted recently, "it is undisputed that Delaware judges have much greater familiarity with patent cases by virtue of their patent-heavy dockets," which will undoubtedly result in administrative efficiency. *Cornerstone Therapeutics Inc. v. Exela Pharma Sciences, LLC*, 2014 WL 12597625, at *2 (D. Del. June 16, 2014) (denying motion to transfer). It was entirely reasonable for SharkNinja to choose a forum with heavy patent experience for this important patent case.

15

## V.    CONCLUSION

For the foregoing reasons, SharkNinja respectfully asks the Court to enter an order enjoining iRobot from prosecuting the duplicative litigation iRobot has initiated in the United States District Court for the District of Massachusetts.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Plaintiff*
*SharkNinja Operating LLC*

OF COUNSEL:

Doris Johnson Hines
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
(202) 408-4000

Erika Harmon Arner
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190
(571) 203-2700

Brian A. Rosenthal
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166
(212) 351-4000

October 18, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 18, 2019, upon the following in the manner indicated:

Gregg F. LoCascio Esquire                          *VIA ELECTRONIC MAIL*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
*Attorneys for Defendant*

*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)